UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HUSSEIN S. HUSSEIN,

    Plaintiff,

v.

GLENN MILLER,

    Defendant.

3:06-cv-0710-LRH-RAM

ORDER

Before the court is plaintiff Hussein S. Hussein's ("Hussein") emergency motion for disqualification of District Judge Larry R. Hicks ("Judge Hicks") filed on August 2, 2010. Doc. #38.[1] Defendant Glenn Miller ("Miller") filed an opposition (Doc. #42) to which Hussein replied (Doc. #43).

**I.    Legal Standard**

Recusal is governed by 28 U.S.C. §§ 144 and 455. Under section 144, a party seeking recusal must set forth, in an affidavit, facts and reasons for the belief that bias or prejudice of the district judge exists. *See* 28 U.S.C. § 144. The standard for recusal in sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.

---

[1] Refers to the court's docket entry number.

1986). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id.*

## II.  Discussion

In his motion for disqualification, Hussein argues that this court should be disqualified from this action because of the court's past employment as a partner with the law firm of McDonald Carano Wilson LLP ("MCW"), counsel for defendants in other civil actions filed by Hussein including *Hussein v. University and Community College System of Nevada, et al.*, 3:04-cv-0455-JCM-GWF; and *Hussein v. Lilley, et al.*, 3:05-cv-0076-JCM-GWF. Hussein argues that there is a conflict of interest in this action because MCW "ghost-authored" several of the legal documents proffered by defendants.

The court finds that Hussein's allegations of involvement by the MCW firm and related prejudice are without merit. First, the court's prior employment with a firm who is not a party in this action, or counsel of record to a party in this action, does not establish any bias or prejudice. It is axiomatic that prior to taking the bench, federal judges work as attorneys in the public and private sectors. Second, Hussein has failed to provide any evidence that MCW has a role in this action or is ghost-writing documents for defendants' counsel.

Additionally, Hussein argues that Judge Hicks has a personal bias against him because the court affirmed Magistrate Judge Valerie P. Cooke's ("Magistrate Judge Cooke") various reports and recommendations in another of Hussein's actions, *Hussein v. Ersek*, 3:07-cv-0056-LRH-VPC, and denied his request for disqualification of the magistrate judge on the basis that she was also a former partner of MCW. Although Hussein is unhappy with the orders adverse to him, which is understandable, a judge's prior adverse ruling is not sufficient cause for recusal. *See Studley*, 783 F.2d at 939.

Therefore, based on the record before the court and the pleadings and documents on file in this matter, the court finds that Hussein has failed to demonstrate any conduct by this court, or

extrajudicial influence or relationship, that would lead a reasonable person to conclude that the impartiality of this court might reasonably be questioned. *See* 28 U.S.C. § 455(a). In the absence of a legitimate reason to recuse, a judge should participate in all cases assigned. *United States v. Holland*, 510 F.3d 909, 912 (9th Cir. 2008). Accordingly, the court shall deny Hussein's motion for disqualification.

IT IS THEREFORE ORDERED that plaintiff's motion for disqualification (Doc. #38) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motions for leave to file a late response (Doc. ##36, 37) are DENIED.

IT IS SO ORDERED.

DATED this 18th day of December, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE